## IN RE APPLICATION OF PASSAIC VALLEY WATER COM-MISSION ON CONDEMNATION.

Argued June 8, 1928—Decided July 18, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *Lindabury, Depue & Faulks (Frederic J. Faulks, Josiah Stryker* and *John Milton,* of counsel).

Opposed, *William B. Gourley, William I. Lewis, Arthur S. Corbin* and *George L. Record.*

PER CURIAM.

On May 12th, 1928, an order appointing three commissioners to fix the compensation to be paid by the Passaic Valley Water Commission, for the property of the Passaic Consolidated Water Company was made by a justice of the Supreme Court and duly filed with the clerk of Passaic county at Paterson, New Jersey.

Thereafter, upon notice an application for a *certiorari* to review the legality of such order was made to this court. Both parties by their respective attorneys at the time and place designated for such hearing made extensive and elaborate arguments for and against the granting of a writ of

*certiorari.* Thereafter, both parties by their respective attorneys agreed in writing, duly filed with the court, that if a writ of *certiorari* was allowed by the court, in order to facilitate a speedy review by the Court of Errors and Appeals, a final determination and judgment might be entered upon the papers then before the court, which were used upon the application for the writ. The writ having been allowed, a proper return having been made thereto and the reasons of the prosecutor for the allowance of the writ having been promptly filed, being the reasons stated in the prosecutor's original brief. The petition of the Passaic Valley Water Commission having been duly amended by an order of a justice of the Supreme Court, under date of June 27th, and filed in the clerk's office of the county of Passaic at Paterson, New Jersey. The order of amendment provides, for the amendment of the petition in reference to the descriptions of the property omitted and in several other particulars. It also provides: (13) The purpose of this application is to acquire all the property of said Passaic Consolidated Water Company except moneys, securities, bills and accounts receivable, and except its franchise as a corporation, to the end that the petitioner, on behalf of the said cities of Paterson, Passaic and Clifton, may own said property free and clear from all encumbrances thereon and supply said cities with water.

The points made and argued by the prosecutor are: *First,* the description of the property proposed to be taken is inaccurate, these inaccuracies are set out at some length in the affidavit of Walter W. Corrigan. They have been substantially cured by the amendment made and filed on June 27th, 1928. *Second,* the description of the property proposed to be taken is not sufficiently definite to enable either the company or the commissioners in condemnation to identify the same; this refers specifically to the accounts receivable. This also has been substantially cured by the amendments.

The act (*Pamph. L.* 1923, *p.* 507, § 3) provides: "In all applications, orders, reports and proceedings a general description of the property to be condemned shall be sufficient."

We think there can be no embarrassment, either to the prosecutor, the commissioners or the Passaic Valley Water

Commission under the descriptions as amended. The cited
cases of *Vail* v. *Morris, &c., Railroad Co.,* 21 *N. J. L.* 189;
*New York, &c., Co.* v. *Broome,* 50 *Id.* 432, do not militate
against this view. They are clearly and substantially dis-
tinguished by the facts.

· *Third,* the legislation under which the proceedings were
instituted, when applied to the property and franchises of
the company proposed to be taken, does not and cannot pro-
vide for just compensation; in other words, the act, so it is
argued, is inadequate, and therefore it is not valid, as applied
to its property. This, of course, if so, is serious and might
be fatal, but it will doubtless be a surprise to many to learn
that an act of the legislature copied largely from the railroad
charters used and applied extensively in the state for nearly
one hundred years, and in its present form drawn by such an
accurate, learned and experienced lawyer as the late Charles
L. Corbin, is not a workable act in all condemnation cases.
The General Condemnation act (*Pamph. L.* 1900, *p.* 79).

The company will receive no compensation for the en-
hanced value of its property proposed to be taken resulting
from the improvements, additions and extensions, it must
make, while discharging its public duty, during the pendency
of the proceedings; nor damages for such extensions or ad-
ditions not taken, but rendered worthless.

This is predicated upon the sixth section of the act, which
provides that the value is to be ascertained "as of the date of
the filing of the petition and order therein," viz., May 12th,
1928. If, in the application of the statute, it may seemingly
work an injustice, we cannot refuse to apply or enforce a con-
stitutional statute for that reason; because, as was said by
Chief Justice Beasley, in the case of *Douglass* v. *Board of
Chosen Freeholders,* 38 *N. J. L.* 216, where that which is di-
rected to be done is within the sphere of legislation, and the
terms used clearly express the intent, all reasoning derived
from the supposed inconvenience, or even absurdity of the
result, is out of place.

But to meet this situation, the Passaic Valley Water Com-
mission, at the argument and in its brief, made this propo-
sition, the commission is willing and has the power under the

act (*Pamph. L.* 1923, *p.* 504) to contract, that in the event that the commission takes over the property covered by the petition at the end of the condemnation proceedings, the commission will pay, in addition to the condemnation award, the actual cost of the property contributed by the company, after the date of the appointment of the condemnation commissioners, or to condemn the same. This the Passaic Valley Water Commission has the power to do under the act (*Pamph. L.* 1923, *p.* 504, § 3), "may enter into a contract to purchase such water works for compensation to be agreed upon or fixed by condemnation proceedings, as hereinafter provided."

But even without this offer, we see no practical or legal difficulty in applying the statute, so as to produce a result of just compensation in the award, for the property taken and the damages done by such taking. This loss is a damage to the company's property not taken, caused directly by the taking of the rest of the company's property. This loss is clearly recoverable as damages, in the condemnation proceedings, in the award. This process does not involve the taking of private property without compensation. The property actually taken and the damages to the remaining property is adequately covered by the award of the commissioners.

If the after-acquired property is rendered valueless in the judgment of the commissioners, by the severance of such property from the main property covered by the petition, this may be included as damages under the statute. *Pamph. L.* 1900, *p.* 81, § 5. The General Condemnation act (*Pamph. L.* 1900, *p.* 81, § 5) provides, "commissioners to examine and appraise the said land or property and to assess the damages." Section 6, "the commissioners, &c., shall proceed to review and examine the land or other property, and make a just and equitable appraisement of the value of the same, and an assessment of the amount to be paid by the petitioner for such land or other property and damages aforesaid." Section 7. Upon filing of the report, &c. The petitioner is hereby empowered to enter upon and take possession of said land or other property for the purposes for which the same was authorized to be taken. *Manning* v. *New Jersey Shore Line Railroad Co.*, 80 *N. J. L.* 349; *Bergen Neck Railway Co.* v.

*Point Breeze Ferry Co.,* 57 *Id.* 163; *In re Essex Park Commission,* 80 *N. J. Eq.* 1; *affirmed,* 81 *Id.* 163.

In addition thereto, the situation feared by the prosecutor has not arisen, does not now exist and may never exist.

*Fourth,* the attempt to take the company's property free and clear of liens is not authorized by *Pamph. L.* 1923, *p.* 504, and if consummated, may result in taking the company's property without just compensation. We find no legal difficulty here, while it is true, the act (*Pamph. L.* 1923, *p.* 504) does not contain a specific authority, in express words, to condemn free and clear of the mortgage liens amounting in the aggregate to $7,936,000.

The argument is, as the act (*Pamph. L.* 1923, *p.* 504) provides, for an additional situation, under which the property may be taken, viz., subject to the lien of any mortgage or mortgages thereon; therefore, it excludes all other situations and the condemning party cannot acquire the property free and clear of the mortgage liens. This is a *non sequitur.*

The act (*Pamph. L.* 1923, *p.* 504) expressly provides "for the appointment of commissioners to condemn the water works in pursuance of and in the manner prescribed by an act entitled 'An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use [Revision of 1900].'" *Pamph. L.* 1900, *p.* 79.

An examination of that act reveals a clear purpose, to have the commissioners and the jury on an appeal, to make a just and equitable appraisement of the value of the property and the damages only. They have no concern with or function to perform with any liens, judgments or mortgages. To ascertain the value of the property and the damages to be awarded, is their sole function. Then section 8 provides for the additional machinery to be invoked, when the property taken is encumbered by any mortgage, judgment or other lien, or in case, for any other reason, the petitioner cannot safely pay the amount awarded to any person, in all such cases, on petition to the Chancellor, the amount awarded may be paid into the Court of Chancery and there shall be distributed according to law. The powers of the Court of Chancery and the machinery therein provided for are not limited or circum-

scribed by the amount or extent of the liens. These two acts must be read together, and when so read there is ample power and authority to take the property free and clear of the mortgage liens.

This has been the accepted practice in New Jersey for many years. *In re Essex Park Commission*, 80 *N. J. Eq.* 1; *affirmed*, 81 *Id.* 163; *City of Newark* v. *Eisner*, 100 *Id.* 101; *City of Newark* v. *Cook*, 99 *Id.* 527; *Board of Freeholders of Hudson County* v. *Sinisi*, 100 *Id.* 552.

These are all the points argued by the prosecutor in its brief.

The order of May 12th, 1928, appointing condemnation commissioners is affirmed, and the writ of *certiorari* is dismissed.